**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAIME LOPEZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5158** |
| | : | |
| **MR. BONDS, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 2nd day of November, 2026, upon consideration of Plaintiff Jaime Lopez's Motions to Proceed *In Forma Pauperis* (ECF Nos. 1, 6), Prisoner Trust Fund Account Statement (ECF No. 5), Motion for Requested Documents (ECF No. 9), and Amended Complaint (ECF No. 7), it is **ORDERED** that:

1. Lopez's first Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**; his second Motion (ECF No. 6) is **DENIED AS MOOT**.

2. Jaime Lopez, #2600-0392, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of George W. Hill Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Lopez's inmate account; or (b) the average monthly balance in Lopez's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Lopez's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to

Lopez's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Warden of George W. Hill Correctional Facility

4. The Amended Complaint is **DEEMED** filed.

5. The claims against Defendants Bowles, Foley, Leech, and Bonds are **DISMISSED WITH PREJUDICE** for the reasons in the Court's accompanying memorandum.

6. The Clerk of Court is directed to **TERMINATE** Bowles, Foley, Leech, and Bonds as Defendants from the docket.

7. The Clerk of Court is specially appointed to serve written waiver requests to Defendant Sergeant C. Burke at George W. Hill Correctional Facility, 500 Cheyney Road, Thornton, Pennsylvania 19373, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service.

8. The waiver of service requests shall be accompanied by a copy of the Amended Complaint and shall inform Defendant Burke of the consequences of compliance and failure to comply with the requests. The requests shall allow Defendant Burke at least 30 days from the date they are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers.

9. If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

10. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

11. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

12. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

13. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Lopez is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

14. Once discovery is permitted, Lopez should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance with Local Rule 26.1(f), Lopez shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

15. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

16. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in

court orders or other information not being timely delivered, which could affect the parties' legal rights.

17. Lopez may file a motion for voluntary dismissal of this case at any time if Lopez decides not to pursue it. In making this decision, Lopez should consider the statute of limitations.

18. The Motion for Requested Documents is **DENIED** as premature.

**BY THE COURT:**

**MARY KAY COSTELLO, J.**